Edward T. Quillen et al. }
 vs. } Law No. 82894.
Giles P. Dunn, Jr. }

### January 29, 1931.

SUMNER, J. Edward T. Quillen and others have brought suit against Giles P. Dunn, Jr., to recover rent from the defendant for the occupancy of a certain parcel of land.

It is alleged that the defendant entered into a yearly tenancy and that there are arrears of rent due for a period of years. The rent was payable in advance on the 1st of June of each year.

The defendant has demurred on the ground that the plaintiffs are improperly joined; that the counts set forth two or more distinct causes of action, and that the plaintiff Catherine G. Quillen does not appear to have any cause of action.

There are other grounds set forth but they are merely amplification of the first two grounds.

It appears from the declaration and bill of particulars that the original letting in June, 1921, was by Edward T. Quillen and Thomas E. Quillen; that Thomas E. Quillen died intestate on March 24, 1929; that his interest in this parcel of land descended to his children; that John J. Rosenfeld was appointed administrator of his estate December 13, 1929, and that Catherine G. Quillen is his widow. The heirs at

law and widow of Thomas E. Quillen are joined as parties plaintiff with Edward T. Quillen as well as John J. Rosenfeld, the administrator of the estate.

"A tenancy from year to year is not considered as a continuous tenancy but as recommencing every year."

Cyc, Vol. 24, p. 1028, Note 99.

"Rent falling due after the landlord's death goes to the heirs as an incident of the reversion."

Cyc. Vol. 24, p. 1172.

"Upon the death of the landlord his tenant continues in the same relation to those who are by law entitled to succeed to the right of the deceased until his disclaimer of such relation is made known to them."

Cyc. Vol. 24, p. 892.

"Upon a lease by tenants in common the survivor may sue for the whole rent, although the reservation is to the lessors, according to their respective interests."

Cyc. Vol. 24, p. 1207.

See also

*Pollock* vs. *House & Herman*, 100 S. E'n, 275, (W.. Va.);

*Rowe* vs. *Shenandoah Pulp Co.*, 26 S. E'n, 320 (W. Va.).

Under the above rules, during the period from June, 1921, up to and including June 1st, 1928, the rentals accrued to Edward T. Quillen and Thomas E. Quillen, and as Thomas E. Quillen had deceased at the time of the bringing of this suit, Edward T. Quillen, the survivor of the two original joint owners, should bring the suit, and the other parties plaintiff are improperly joined.

On June 1, 1929, when the rent for the ensuing year was payable, the owners of the estate were Edward T. Quillen and the heirs at law of Thomas E. Quillen, and the suit for rent during that period should be brought by those parties.

Accordingly, Mr. Rosenfeld, the administrator, is not a proper party plaintiff and Catherine G. Quillen, widow of Thomas E. Quillen, claiming a right of dower and having merely a chose in action, can not join in this suit.

Frank J. Quillen, whose name does not appear in the declaration, would appear to be a proper party plaintiff in the bringing of a suit for the collection of rent accruing on June 1st, 1929, as at that time he was one of the heirs at law of Thomas E. Quillen and had not parted with his interest.

The demurrers to the two counts of the amended declaration are sustained.

For plaintiff: Rosenfeld & Hagan.

For defendant: Swan Keeney & Smith.